✐JS-44 (Rev 11/04)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Joseph Manni

**DEFENDANTS**

Asset Acceptance, LLC and Midland Funding, LLC

**(b)** County of Residence of First Listed Plaintiff    Montgomery County

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Warren, MI

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Vicki Piontek, Esq. - 951 Allentown Road, Lansdale, PA 19446
877-737-8617

Attorneys (If Known)

Lawrence J. Bartel, Esquire, 2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Employers' | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | Liability | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits. | Liability | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | Product Liability | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Franchise | ☐ 360 Other Personal | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | Injury | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / | **Habeas Corpus:** | | ☐ 871 IRS – Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer. | ☐ 540 Mandamus & Other | | | to Justice |
| | w/Disabilities— | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of |
| | Employment | ☐ 555 Prison Condition | | | State Statutes |
| | ☐ 446 Amer. | | | | |
| | w/Disabilities— | | | | |
| | Other | | | | |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

47 U.S.C. § 227, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:

Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   14,751

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE   January 8, 2015

SIGNATURE OF ATTORNEY OF RECORD
*Lawrence J. Bartel*

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Joseph Manni c/o Vicki Piontek, Esq. - Davis Consumer Law Firm, 951 Allentown Road, Lansdale PA 19446 1-877-737-8617

Address of Defendant: Asset Acceptance, LLC and Midland Funding, LLC c/o Lawrence J. Bartel, Esquire 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Montgomery County, Pennsylvania

*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☑  No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

     Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

     Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

     Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

     Yes ☐  No ☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
     (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
     (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Lawrence J. Bartel _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: January 8, 2015 _____  *Lawrence J. Bartel*   94006
                                  Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: January 8, 2014 _____  *Lawrence J. Bartel*   94006
                                  Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **JOSEPH MANNI** | o | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ASSET ACCEPTANCE, LLC ET AL.** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                   ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                    ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks.      ( )


| | | |
|---|---|---|
| | | Defendants, Asset Acceptance, LLC and Midland Funding, LLC |
| January 8, 2015 | *Lawrence J. Bartel* | |
| Date | Attorney-at-law | Attorney for |
| | Lawrence J. Bartel, | |
| | Esquire. | |
| | | Ljbartel@mdwcg.com |
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

551629

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Joseph Manni                                  :
                                              :
              V.                              :          Civil Action
                                              :          No: _____
MIDLAND FUNDING, LLC et al.                   :
                                              :

DISCLOSURE STATEMENT FORM

Please check one box:

☐         The nongovernmental corporate party, _____
          , in the above listed civil action does not have any parent corporation and
          publicly held corporation that owns 10% or more of its stock.

☑         The nongovernmental corporate party, MIDLAND FUNDING, LLC _____
          , in the above listed civil action has the following parent corporation(s) and
          publicly held corporation(s) that owns 10% or more of its stock:

          Encore Capital Group, Inc., a publicly-traded corporation, owns 10% or more of Midland Funding, LLC's stock
          _____
          _____
          _____


1/9/15                                        Laurena J. Bartd
Date                                          Signature

              Counsel for:  MIDLAND FUNDING, LLC _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
            two copies of a disclosure statement that:
            (1)   identifies any parent corporation and any publicly held corporation
                  owning10% or more of its stock;  or

            (2)   states that there is no such corporation.

      (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
            (1)   file the disclosure statement with its first appearance, pleading,
                  petition, motion, response, or other request addressed to the court;
                  and
            (2)   promptly file a supplemental statement if any required information
                  changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Joseph Manni                                  :
                                              :
              V.                              :           Civil Action
                                              :           No: _____
MIDLAND FUNDING, LLC et al.                   :
                                              :

DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

☑          The nongovernmental corporate party,  MIDLAND FUNDING, LLC _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           Encore Capital Group, Inc., a publicly-traded corporation, owns 10% or more of Midland Funding, LLC's stock
           _____
           _____
           _____

_1/9/15_____                    _Lawrena J. Bartol_____
Date                                              Signature

                    Counsel for:   MIDLAND FUNDING, LLC _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
       (a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
              two copies of a disclosure statement that:
              (1)    identifies any parent corporation and any publicly held corporation
                     owning 10% or more of its stock;  or

              (2)    states that there is no such corporation.

       (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
              (1)    file the disclosure statement with its first appearance, pleading,
                     petition, motion, response, or other request addressed to the court;
                     and
              (2)    promptly file a supplemental statement if any required information
                     changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Joseph Manni                        :
                                    :
           V.                       :            Civil Action
                                    :            No: _____
Asset Acceptance, LLC et al.        :
                                    :

DISCLOSURE STATEMENT FORM

Please check one box:

☐           The nongovernmental corporate party, _____
            , in the above listed civil action does not have any parent corporation and
            publicly held corporation that owns 10% or more of its stock.

☑           The nongovernmental corporate party, _Asset Acceptance, LLC_____
            , in the above listed civil action has the following parent corporation(s) and
            publicly held corporation(s) that owns 10% or more of its stock:

            Encore Capital Group, Inc., a publicly-traded corporation, owns 10% or more of Midland Funding, LLC's stock
            _____
            _____
            _____

_1|9|15_____          _Laurena J Bartel_____
Date                                          Signature

           Counsel for:  Asset Acceptance, LLC_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
       (a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
              two copies of a disclosure statement that:
              (1)    identifies any parent corporation and any publicly held corporation
                     owning 10% or more of its stock;  or

              (2)    states that there is no such corporation.

       (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
              (1)    file the disclosure statement with its first appearance, pleading,
                     petition, motion, response, or other request addressed to the court;
                     and
              (2)    promptly file a supplemental statement if any required information
                     changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Joseph Manni                            :
                                        :
              V.                        :
                                        :          Civil Action
Asset Acceptance, LLC et al.            :          No: _____
                                        :

DISCLOSURE STATEMENT FORM

Please check one box:

☐         The nongovernmental corporate party, _____
          , in the above listed civil action does not have any parent corporation and
          publicly held corporation that owns 10% or more of its stock.

☑         The nongovernmental corporate party, Asset Acceptance, LLC _____
          , in the above listed civil action has the following parent corporation(s) and
          publicly held corporation(s) that owns 10% or more of its stock:

          Encore Capital Group, Inc., a publicly-traded corporation, owns 10% or more of Midland Funding, LLC's stock
          _____
          _____
          _____

_1/9/15_____                    _Laurence J. Bartel_____
Date                                      Signature

              Counsel for:   Asset Acceptance, LLC _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
            two copies of a disclosure statement that:
            (1)   identifies any parent corporation and any publicly held corporation
                  owning 10% or more of its stock;  or

            (2)   states that there is no such corporation.

      (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
            (1)   file the disclosure statement with its first appearance, pleading,
                  petition, motion, response, or other request addressed to the court;
                  and
            (2)   promptly file a supplemental statement if any required information
                  changes.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH MANNI,** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | |
| **ASSET ACCEPTANCE, LLC,** **MIDLAND FUNDING, LLC AND** **FULTON, FREIDMAN AND** **GULLACE, LLP** | |
| Defendant. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendants, Asset Acceptance, LLC (hereinafter "Asset") and Midland Funding, LLC (hereinafter "MF")(collectively "Defendants), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as Joseph Manni v. Asset Acceptance, LLC, docket no. 30043-2014, as filed in the Court of Common Pleas for Montgomery County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.      On or about December 5, 2014 Plaintiff filed the Action in the Court of Common Pleas for Montgomery County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2.      MF first received notice of the Action on December 9, 2014, when it was served with Plaintiff's Complaint.

1

3.      Based on the foregoing, MF has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable. See 28 U.S.C. § 1446(b).

4.      The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Asset pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that MF violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5.      In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Montgomery County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.      Counsel for Asset and MF has spoken with Cynthia Fulton, counsel for co-defendant Fulton, Freidman and Gullace, LLP, who has consented and concurred to the removal of this action to the United States District Court for the Eastern District of Pennsylvania.

7.      Pursuant to 28 U.S.C. § 1446(d), MF will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Montgomery County Court of Common Pleas.

**WHEREFORE**, Defendants, Asset Acceptance, LLC and Midland Funding, LLC notifies this Court that this Action is removed from the Court of Common Pleas for Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:  *Lawrence J. Bartel*

Lawrence J. Bartel, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2780 / (215) 575-0856 (f)
Ljbartel@mdwcg.com
Attorneys for Defendants
Asset Acceptance, LLC and Midland
Funding, LLC

Dated:  January 8, 2015

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENNIS GEIGER,** | |
| Plaintiff, | **Civil Action No.** |
| **vs.** | |
| **MIDLAND FUNDING, LLC,** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Lawrence J. Bartel, Esquire, do hereby certify that a true and correct copy of Defendants, Asset Acceptance, LLC and Midland Funding, LLC's Notice of Removal was served upon the below-listed counsel of record by regular mail on January 9, 2015:

> Vicki Piontek, Esquire
> 951 Allentown Road
> Lansdale, PA 19446
> Attorneys for Plaintiff
> Joseph Manni

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By: _Lawrence J. Bartel_
Lawrence J. Bartel, Esquire
Attorneys for Defendants
Asset Acceptance, LLC and Midland
Funding, LLC

Dated: January 9, 2015

4

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Joseph Manni                              :
35 Belmar Road                            :
Hatboro, PA  19040                        :
                        Plaintiff         :
                                          :
v.                                        :        2014-30043
Fulton, Friedman and Gullace, LLP         :
2345 East Thomas Road, Suite 460          :
Phoenix, AZ  85016                        :
and                                       :
Asset Acceptance, LLC                     :
28405 Van Dyke Ave.                       :
Warren, MI 48093                          :        Jury Trial Demanded
and                                       :
Midland Funding, LLC                      :
8875 Aero Drive Suite 200                 :
San Diego, CA 92123                       :
and                                       :
X,Y, Z Corporations                       :
                        Defendant         :

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.    YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

See Next Page >>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Joseph Manni                              :
35 Belmar Road                            :
Hatboro, PA  19040                        :
                        Plaintiff         :
                                          :
v.                                        :       2014-30043
Fulton, Friedman and Gullace, LLP         :
2345 East Thomas Road, Suite 460          :
Phoenix, AZ  85016                        :
and                                       :
Asset Acceptance, LLC                     :
28405 Van Dyke Ave.                       :
Warren, MI 48093                          :       Jury Trial Demanded
and                                       :
Midland Funding, LLC                      :
8875 Aero Drive Suite 200                 :
San Diego, CA 92123                       :
and                                       :
X,Y, Z Corporations                       :
                        Defendant         :

## COMPLAINT

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)'
   alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.
   (hereinafter "FDCPA").

2. Defendant(s) regularly transact(s) business throughout the Commonwealth of
   Pennsylvania, and in this jurisdiction, and therefore obtains the benefit(s) of
   regularly transacting business in this jurisdiction.

3. Plaintiff resides in this jurisdiction.

4.  Plaintiff is Joseph Manni an adult individual with a current address of 35 BELMAR RD, HATBORO PA 19040.

5.  Defendants are the following individuals and business entities.

   a.  Fulton, Friedman and Gullace, LLP, 2345 East Thomas Road, Suite 460, Phoenix, AZ 85016.

   b.  Asset Acceptance, LLC, a business entity with a principle place of business of 28405 Van Dyke Avenue, Warren, MI 48093.

   c.  Midland Funding, LLC, a business entity with a mailing address of 8875 Aero Drive Suite 200, San Diego, CA 92123  .

   d.  X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of Fair Debt Collection Practices Act**
**15 USC 1692 et. seq.**

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

7. At all times mentioned in this Complaint Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

8. At all times mentioned in this Complaint , Defendant was a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

9. At all times mentioned in this Complaint, Defendants, Fulton Friedman and Gullace, LLP, Asset Acceptance, LLC and Midland Funding, Inc. were attempting to collect on an alleged consumer debt against Plaintiff.

10. The alleged consumer debt that Defendants were attempting to collect from Plaintiff was for Plaintiff's personal and household purposes.

11. The alleged consumer debt that Defendants were attempting to collect from Plaintiff was for a judgment in favor of Asset Acceptance, LLC that stemmed from a Dell Financial account for Plaintiff's personal and household purposes.  The account which was the subject of the judgment was being serviced by Midland Funding, Inc.  Fulton Friedman and Gullace was collecting on behalf of both Midland Funding, Inc. and Asset Acceptance.

12. On or about January 29, 2014, Defendant Asset Acceptance, LLC through it's agent employee or representative Fulton, Friedman and Gullace, LLP accessed Plaintiff's consumer report from Experian Information Solutions, Inc. a consumer reporting agency (CRA) as defined by 15 USC 1681a et. seq.  See attached exhibits.

13. The Experian report that Defendant Fulton, Friedman and Gullace, LLP accessed pertaining to Plaintiff was a consumer report as defined by 15 USC 1681a and 1681b of the FCRA.

14. At all times mentioned in this Complaint Fulton, Friedman and Gullace, LLP was acting as an agent of Defendant Asset Acceptance, LLC.

15. At all times mentioned in this Complaint Fulton, Friedman and Gullace, LLP was acting as an agent of Defendant Midland Funding, Inc.

16. Defendant Fulton, Friedman and Gullace, LLP had a permissible lawful purpose to obtain Plaintiff's consumer report.

17. However, when Defendant Fulton, Friedman and Gullace, LLP obtained Plaintiff's consumer report, Fulton, Friedman and Gullace, LLP caused what is colloquially referred to as a "hard inquiry" to be made against Plaintiff's consumer report. A "hard Inquiry" occurs when the consumer's report is accessed in such a way as to appear that the consumer initiated the transaction. A "hard inquiry" is viewable by potential lenders, employers, insurers or other persons or entities who have a permissible purpose to access the consumer's report. A "hard inquiry" usually remains on a consumer's consumer report for 24 months from the date of the inquiry. A hard inquiry usually has a negative affect on a consumer's credit score.

18. A "soft inquiry" is where a person or entity accesses the consumer's consumer report in such a way that potential lenders, employers, insurers or other persons or entities having a permissible purpose to access the consumer's consumer report do not see the inquiry. A "soft" inquiry also does not affect the consumer's credit score.

19. The inquiry that occurred by Fulton, Friedman and Gullace, LLP , was viewable on Plaintiff's consumer report to potential lenders, employers, insurers and other persons or entities that have a permissible purpose to obtain Plaintiff's consumer report, and is likely to remain so on Plaintiff's consumer report fro 24 months from the date of such inquiry.

20. It is believed and averred that the inquiry that occurred by Fulton, Friedman and Gullace, LLP had a negative affect on Plaintiff's consumer report.

21. It is believed and averred that at the time that Fulton, Friedman and Gullace, LLP accessed Plaintiff's consumer report on behalf of Asset Acceptance, LLC and Midland Funding, Inc., Friedman and Gullace, LLP knew or should have known that the inquiry would be a "hard inquiry," and not a "soft inquiry."

22. It is believed and averred that at all times mentioned in this Complaint, Defendant Friedman and Gullace, LLP had the discretion and ability to cause Plaintiff's consumer report to be accessed as a "soft inquiry" as opposed to a "hard inquiry."

23. It is believed and averred that Defendant Friedman and Gullace, LLP had the discretion and ability to cause Plaintiff's consumer report to be accessed as a "soft inquiry" as opposed to "hard inquiry."

24. It is believed and averred that Defendant Friedman and Gullace, LLP had a duty to take reasonable measures so that Plaintiff's consumer report was not unnecessarily accessed as a "hard inquiry."

25. Defendant Friedman and Gullace, LLP did not take reasonable steps to access Plaintiff's consumer report as a "soft inquiry" as opposed to a "hard inquiry."

26. Defendant Friedman and Gullace, LLP behaved with reckless or conscious disregard for the manner and consequences in which it accessed Plaintiff's consumer report on behalf of Asset Acceptance, LLC and Midland Funding, Inc.

27. The natural consequences of how Defendant accessed Plaintiff's consumer report was to harass and oppress Plaintiff in violation of 15 USSC 1692d of the FDCPA.

28. The manner in which Friedman and Gullace, LLP accessed Plaintiff's consumer report was unconscionable in violation 15 USC 1692f of the FDCPA.

## LIABILITY

29. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

30. At all times mentioned in this Complaint, Friedman and Gullace, LLP was acting as an agent of Defendant Asset Acceptance, LLC and Asset Acceptance is therefore liable to Plaintiff for all of the above described FDCPA violations of Friedman and Gullace, LLP under the theory of agency and respondeat superior.   See Moses v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

31. At all times mentioned in this Complaint, Friedman and Gullace, LLP was acting as an agent of Defendant Midland Funding, Inc. and Midland Funding, Inc. is therefore liable to Plaintiff for all of the above described FDCPA violations of Friedman and Gullace, LLP under the theory of agency and respondeat superior.   See Moses v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

32. Any mistake made by Defendant Fulton, Friedman and Gullace, LLP would have included a mistake of law.

33. Any mistake made by Defendant Fulton, Friedman and Gullace, LLP would not have been a reasonable or bona fide mistake.

## DAMAGES

34. All previous paragraphs of this complaint are incorporated by.

35. Plaintiff believes and avers that Plaintiff is entitled to at lease $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

36. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages pursuant to 15 USC 1692k, or other amount determine by this Honorable Court.

37. It is believed and averred that the above referenced $1,000.00 statutory damages is per Defendant, for a total of $3,000.00 statutory damages, or other amount determined by this Honorable Court. The total amount of statutory damages being sought is $3,000, at a rate of $1000 per Defendant, and there are 3 Defendants.

38. Plaintiff suffered emotional distress, anger, frustration and confusion as a result of the FDCPA violation(s) described in this Complaint.

39. The amount of such emotional distress shall be determined at trial.

40. For purposes of a default judgment, Plaintiff believes and avers that such distress has a Dollar value of no less than $10,000.00.

## ATTORNEY FEES

41. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

42. Plaintiff is entitled to reasonable attorney fees pursuant to 15 USC 1692 k of the FDCPA.

43. Plaintiff believes and avers that the hourly rate for such attorney fees is $350.00 per hour or other rate that this Honorable Court may determine.

44. Plaintiff believes and avers that such attorney fees amount to no less than $1,750.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client, review of file, drafting of letters | 1 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 2 |
| c. | Follow up contact with Defense and client | 2 |

5 x $350 = $1,750

45. Plaintiff's attorney fees continue to accrue as the case moves forward.

46. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

47. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

48. Plaintiff seeks injunctive relief barring further unlawful collection activity.

49. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

50. Plaintiff requests / demands a jury trial in this matter.

51. Plaintiff demands fees and costs for prosecuting this action.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $14,751.00 as enumerated below, or such other amount as the Honorable Court deems just and fair.

$1.00 more or less actual damages.

$3,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,750 attorney fees

$10,000.00 emotional distress

$14,751

Plaintiff seeks such additional relief as the Court deems just and proper.

Vicki Piontek, Esquire          11/29/14
Vicki Piontek, Esquire          Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Joseph Manni                                    :
35 Belmar Road                                  :
Hatboro, PA 19040                               :
               Plaintiff    :
                                :
v.                                              :        2014-30043
Fulton, Friedman and Gullace, LLP               :
2345 East Thomas Road, Suite 460                :
Phoenix, AZ 85016                               :
and                                             :
Asset Acceptance, LLC                           :
28405 Van Dyke Ave.                             :
Warren, MI 48093                                :        Jury Trial Demanded
and                                             :
Midland Funding, LLC                            :
8875 Aero Drive Suite 200                       :
San Diego, CA 92123                             :
and                                             :
X,Y, Z.Corporations                             :

## VERIFICATION

I, Joseph Manni, have read the attached Complaint.  The facts stated therein are true and correct

to the best of my knowledge, understanding and belief.


_Joseph Manni_ (signature)
Joseph Manni

11-29-2014
Date

6/27/2014                                   Experian - Report Summary

    Oct 2012: $17,991 / September 28, 2012 / $554 / $557
    Sep 2012: $17,991 / September 28, 2012 / $554 / $557
    Aug 2012: $18,435 / August 31, 2012 / $554 / $560
    Jul 2012: $19,305 / July 6, 2012 / $554 / $557
    Jun 2012: $19,732 / June 6, 2012 / $554 / $553


    The original amount of this account was $32,509




## Record of Requests for Your Credit History


## Inquiries Shared With Others



We make your credit history available to your current and prospective creditors and employers as allowed by law.
Experian may list these inquiries for up to two years.

The section below lists all of the companies that have requested your credit history as a result of action you took, such as
applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that
receive your credit history.



## CHASE

Address:                                Date of Request:
PO BOX 15298                            08/04/2014
WILMINGTON DE 15298
(800) 955-9900
Address Identification Number:
0039610820
Comments:
Unspecified. This inquiry is scheduled to continue on record until Jul 2016.



## FULTON, FRIEDMAN & GULLA

Address:                                Date of Request:
PO BOX 2123                             01/29/2014
WARREN MI 48090
(877) 498-4798
Address Identification Number:
0039610820


Comments:
Auto loan. This inquiry is scheduled to continue on record until Feb 2016.



## SPRINGLEAF FINANCIAL SER

EXhibit A